UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW LEE ROBINSON,            )
                                 )
            Petitioner,           )     Case No. 1:09-cv-252
                                 )
v.                               )     Honorable Paul L. Maloney
                                 )
BLAINE LAFLER,                   )
                                 )
            Respondent.           )
_____)

## REPORT AND RECOMMENDATION ON MOTION FOR STAY

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of two counts of armed robbery, MICH. COMP. LAWS § 750.529, after a jury trial in Kent County Circuit Court. The court sentenced petitioner to concurrent terms of 33-to-50 years on each count, enhanced by petitioner's status as a fourth-felony offender. Petitioner raised two claims on direct appeal: (1) a due-process violation arising from an impermissibly suggestive pretrial identification (and accompanying ineffective assistance of trial counsel for failing to move to suppress the identification); and (2) a due-process violation arising from the prosecutor's failure to disclose exculpatory evidence. The Michigan Court of Appeals analyzed and rejected these two issues in a *per curiam* opinion issued July 1, 2008. The Michigan Supreme Court denied leave to appeal by standard order entered October 27, 2008.

Petitioner initiated this habeas corpus action by filing a *pro se* petition on March 19, 2009. The petition asserts the same two issues raised on direct appeal. On October 13, 2009, the

Michigan Attorney General filed an answer to the petition, supported by the trial court and appellate records.

Presently pending before the court is petitioner's motion to stay this habeas corpus action. (docket # 19). The motion requests that the court stay the proceedings to allow petitioner "to properly exhaust all Federal Claims of violations to his Constitutional Rights" [sic]. Petitioner does not identify any specific federal claim that remains unexhausted, nor does he explain why these claims, whatever they are, were not raised on direct appeal. For the reasons set forth below, I recommend that the motion for stay be denied.

## **Discussion**

A district court has discretion to stay a habeas corpus proceeding when a petitioner presents a "mixed petition," that is, one presenting both exhausted and unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In the subsequent case of *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved the stay-and-abeyance procedure that the federal circuit courts had adopted. The *Rhines* Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies, but imposed two procedural limitations upon the granting of a stay. First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal. Second, petitioner must demonstrate that the unexhausted claims are not "plainly meritless." 544 U.S. at 277-78; *accord Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir. 2009).

Petitioner has not established entitlement to a stay of proceedings under the foregoing authorities. First, he has not presented a mixed petition. The petition in this case asserts the same

two claims that petitioner raised on direct appeal in the Michigan Court of Appeals and Supreme Court. Respondent's answer does not assert the affirmative defense of failure to exhaust state remedies, and no such defense appears available on the basis of the present petition. To seek the relief of a stay of proceedings, petitioner must identify the federal issues that he wishes to exhaust, show good cause for his failure to raise them on direct appeal, and demonstrate that those claims are not plainly meritless. *Rhines*, 544 U.S. at 277-78. Petitioner here has not identified any unexhausted claim, nor has he shown either of the prerequisites required by the Supreme Court in *Rhines*. Consequently, there is no basis for the court to exercise its discretion to stay this case for purposes of allowing exhaustion of unidentified habeas corpus claims in the state courts.

## Recommended Disposition

For the foregoing reasons, I recommend that petitioner's motion to stay proceedings (docket # 19) be denied.

Dated: December 22, 2009  /s/ Joseph G. Scoville
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).