UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW LEE ROBINSON #421041,<br>        Petitioner,<br><br>-v-<br><br>BLAINE LAFLER,<br>        Respondent.<br>_____ | )<br>)<br>)  No. 1:09-cv-252<br>)<br>)  HONORABLE PAUL L. MALONEY<br>)<br>)<br>) |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

On March 19, 2009, state prisoner Matthew Lee Robinson filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 33) that Mr. Robinson's petition be denied. Before the court today are Mr. Robinson's timely objections to the Report and Recommendation. (ECF No. 34.)

### STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## DISCUSSION

Mr. Robinson's section-2254 petition raised two main issues. First, he argued that when the two victims identified him as the man who robbed them, they did so under impermissibly suggestive circumstances. (Relatedly, he argues that his trial counsel provided ineffective assistance for failing to suppress the identification at trial.) Second, Mr. Robinson argued that the state impermissibly failed to disclose exculpatory evidence to his attorney.

In a supplement filed nearly two years and nine months after his original petition, Mr. Robinson raised a third issue, "actual innocence," and presented in support of that claim several documents that he claims are newly discovered.

### A. Mr. Robinson's Supplemental Filing

The R&R began by addressing Mr. Robinson's supplemental filing. The magistrate judge first noted that the "newly discovered evidence" presented facts already known to the parties—and raised by defense counsel—at trial, and so Mr. Robinson has presented no cause for the court to consider these materials. In any case, the magistrate judge noted that actual innocence presents only a way around procedural default rather than an independent basis for relief, and so Mr. Robinson's claim could provide no basis for relief on its own.

Mr. Robinson does not appear to object to this ruling. It therefore stands.

### B. Identification of Mr. Robinson

The R&R then addressed the first ground for relief raised in Mr. Robinson's petition: his claim that the victims' identification was impermissibly suggestive. Because the state appellate court had already ruled on the merits of this claim (and the related ineffective-assistance claim), the magistrate judge properly stated that this court could grant relief only if the state proceedings

2

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d). The magistrate judge found that the state court applied the correct test here, and like the state court, the magistrate found that the circumstances surrounding the victims' identification of Mr. Robinson were not so suggestive as to deny Mr. Robinson due process. Similarly, the state court properly denied Mr. Robinson's ineffective-assistance claim on the grounds that any attempt to suppress the identification would likely have been futile and that counsel's decision to attack the identification in court was a sound tactical decision. Mr. Robinson therefore did not suffer prejudice, and his attorney did not err.

Mr. Robinson does not specifically object to any one part of the magistrate judge's ruling. Instead, he provides only general argument in favor of his claims. This is arguably too vague to merit consideration. *See Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir. 1997); *Howard v. Sec'y Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

But even considered on its merits, Mr. Robinson's argument fails. He argues that the identifications were impermissibly suggestive because he was the only man in the lineup with reddish hair and a light complexion. The state court of appeals acknowledged this fact, but found it less than determinative because both victims also recognized Mr. Robinson's voice, because one of the victims testified to focusing his attention on Mr. Robinson's eyes, and because both victims recognized Mr. Robinson immediately, before the full lineup was even assembled. Mr. Robinson attempts to use this last fact to his advantage, arguing that the quick identification is evidence of

3

manifest injustice. In support, he cites only a Michigan Court of Appeals case that upheld the use of an identification. *People v. Whitfield*, 543 N.W.2d 347 (Mich. Ct. App. 1995). Indeed, none of his argument on this issue cites any U.S. Supreme Court case in support. In any case, this court agrees with the state court and the magistrate judge: the circumstances of this identification were not so suggestive as to constitute a constitutional violation, and the fact that the victims identified Mr. Robinson without hesitation suggests greater reliability, not less.

Because the state courts did not err in allowing the victims' identification into evidence at trial, Mr. Robinson's trial counsel did not err by failing to suppress the identification. Mr. Robinson therefore cannot prove ineffective assistance of counsel on this ground.

Mr. Robinson's objections on this issue are therefore OVERRULED.

**C.     State's Failure to Disclose Exculpatory Evidence**

The magistrate judge then addressed Mr. Robinson's second ground for relief: the state's failure to disclose allegedly exculpatory evidence. Mr. Robinson argues that the prosecution erred by not turning over Detective Moon's interviews with James Eller and Thomas Grantham, two inmates who had indicated that they had information regarding the robbery at issue here. In particular, Mr. Eller claimed that Mr. Grantham and a red-haired person had taken part in the robbery and that Mr. Grantham had directed him to a bag containing the money from the robbery. Mr. Eller was not able to pick Mr. Robinson out of a lineup, however.

The state appellate court rejected this claim on two grounds, referencing that the interview had not been disclosed to the prosecutor, eliminating intentional suppression of the evidence from consideration. First, the evidence was not exculpatory. And second, the failure to disclose the evidence did not prejudice Mr. Robinson. As the magistrate judge noted, the lack of notice to the

4

prosecutor was irrelevant. The *Brady* rule applies to evidence known by police investigators even if not known by the prosecutor. *See Strickler v. Greene*, 527 U.S. 263, 280–81 (1999). But this alone would not change the overall result, because the two grounds provide more than sufficient bases for the court's decision. The magistrate judge agreed with the state court on both grounds, and denied Mr. Robinson's claim on that basis.

As with the last issue, Mr. Robinson fails to object to any particular part of the magistrate judge's reasoning. His arguments relate only to this issue generally, and so should be disregarded on that basis alone. But again, even on their merits, Mr. Robinson's arguments fail.

First, Mr. Robinson argues that the prosecutor's knowledge of Detective Moon's reports is irrelevant to the *Brady* question. As noted above, this is correct but not sufficient to merit relief on his petition.

Next, Mr. Robinson argues that the Eller interview was exculpatory because it shows both Mr. Grantham's involvement in this case and Mr. Robinson's lack of involvement, and that it was prejudicial because if his counsel had been made aware of it, she could have investigated the issue and presented this evidence at trial. What this argument fails to acknowledge, however, is that this evidence was presented at trial. Detective Steve Moon testified that he interviewed Mr. Eller twice after it came to light that Mr. Eller was claiming to have information about the robbery in question. (*See* Tr. Transcript, Vol. II, ECF No. 13, at 96:10–100:3, 106:2–107:19.) According to Detective Moon, Mr. Eller told him that Thomas Grantham was involved in the robbery, accompanied by a red-haired man. (*Id.* at 98:10–12.) Mr. Eller apparently knew this because, at Grantham's request, he had gone to a ditch near the site of the robbery and picked up a black bag containing money, along with shoes and a mask. (*Id.* at 106:13–107:12.) Mr. Eller further told Detective Moon that

5

he might be able to identify Grantham's accomplice (*id.* at 97:24–98:7), but when given a photographic lineup, Eller did not pick Mr. Robinson out as the accomplice. (*Id.* at 107:13–17.)

This testimony was not a total surprise to defense counsel. Indeed, she had raised this issue in her opening statement (*id.* at 14:21–15:4) and emphasized it again in her closing. (Tr. Transcript, Vol. III, ECF No. 14, at 22:9–24.) In her motion for mistrial, counsel admitted that she had received the police report detailing this information, though admittedly only on the first day of trial. (*Id.* at 3:18–23.) Counsel's argument at the time, and Mr. Robinson's argument now, is simply that if she had been given the information earlier, she could have interviewed Eller and Grantham and perhaps uncovered some further exculpatory evidence. Neither counsel nor Mr. Robinson points to any particular exculpatory evidence that they would have uncovered; nor do they claim that the report itself included any exculpatory evidence that was not raised at trial. This court must review the state court's decision based on the record that was before it at the time. *See Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1400 (2011). Looking at that record, this court cannot say that the state appellate court's conclusion was contrary to, or an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts. Mr. Robinson has not overcome the deference owed to the state's conclusion here. His objection is therefore OVERRULED.

Mr. Robinson raises three other arguments in his response to the R&R. He argues that the government's failure to prosecute Eller or Grantham for this robbery somehow denied him a fair trial. He claims that the police failed to properly investigate a road-rage incident that allegedly occurred shortly after the robbery in question—despite the fact that both the white car and its red-haired owner match the victims' descriptions of the robber and getaway vehicle. And he argues that

6

the court erred in admitting into evidence a cigarette carton taken from his car. Mr. Robinson's original petition included none of these issues, however, and his "failure to raise this claim before the magistrate constitutes waiver." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). These objections are therefore OVERRULED.

### CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The court has evaluated whether a certificate of appealability should issue. Because reasonable jurists would agree that Mr. Robinson's petition fails for the reasons stated in the magistrate judge's Report and Recommendation, the court declines to issue a certificate of appealability.

## **ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

(1) The report and recommendation (ECF No. 33) is **ADOPTED**, over objections, as the opinion of this court;

(2) Petitioner Matthew Lee Robinson's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED**; and

(3) A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Date: June 25, 2013 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge